IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE SALESFORCE.COM
SECURITIES LITIGATION

No. C 04-03009 JSW

_____/

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON **August 26, 2005 at 9:00 A.M.**:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court tentatively GRANTS Defendants' motion to dismiss.

The parties shall have 20 minutes to address the following questions:

(1) How can Defendants be liable under Section 10(b) of the Securities Exchange Act for failure to disclose an internal forecast when the actual results for the relevant fiscal year demonstrate that investors were not, in fact, misled by the company's nondisclosure? How does the omission "affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists"? *See Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002).

(2) On what basis in the complaint do Plaintiffs allege a cause of action for insider trading? Are plaintiffs alleging that the initial public offering was essentially the corporation trading in its own stock with nondisclosed inside information? *See Shaw v. Digital Equipment Corp.*, 82 F.3d 1194, 1203-04 (1st Cir. 1996). Do Defendants contend that there is no viable insider trading claim only on the basis that Plaintiffs are not contemporaneous traders?

(3) Do the parties have anything further to add?

**IT IS SO ORDERED.**

Dated: August 24, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE